Francis R. Moran, J.
The petitioner seeks a judgment against the respondents directing them to approve sewer connections to petitioner’s property, to take appropriate steps so that the petitioner can use the village sewer system, and money damages.
On a previous occasion the petitioner brought an article 78 proceeding requesting the same relief he is demanding in this proceeding. In that decision by Richard Aronson, Supreme Court Justice, the petition was denied on the ground that it was premature. Now the petitioner claims that he has complied with the various statutes and is entitled to the relief. Briefly stated, William J. Charles made application for a permit to construct a sewer extension tying into the existing Village of Camillus sewer system. The application was approved by the village and submitted for approval to the proper county and State agencies. The New York State Department of Environmental Conservation refuses to approve this application because of the present pollution problem existing in the village sewer system. The petitioner does not seriously question the existence of this pollution problem but insists that the respondents be directed to correct the problem so that he can be served by the sewer system. Otherwise, a failure to correct the pollution problem results in a confiscation of petitioner’s property without just compensation.
Although sympathetic with the position of Mr. Charles, the court is unable to grant the relief sought by the petitioner, by virtue of CPLR 7803. That section reads as follows:
*441 ‘ ‘ The only questions that may be raised in a proceeding under this article are:
“ 1. whether .the body or officer failed to perform a duty enjoined upon it by law; or
“ 2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
1 ‘ 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to .the measure or mode of penalty or discipline imposed; or
‘ ‘ 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence. ’ ’
It is apparent that the respondents have not done or failed to do an act coming within the scope of subdivision 1, 2 or 4 of CPLR 7803. On the papers submitted, it does not appear that the Commissioner of Environmental Conservation abused his discretion in any manner which would warrant the court to overrule him. The present discharge from the village’s sewer system contravenes stream standards. This ruling at the present time is not arbitrary or discriminatory. The public good to be promoted by the temporary restriction on any further development which would affect the village’s present sewer system may be validly imposed (Matter of Golden v. Planning Bd. of Town of Ramapo, 30 N Y 2d 359). The respondents are entitled to judgment dismissing the petition, without costs.